IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CYRUS L. GRAY III** | § | |
| **(Hays County #887084)** | § | |
| | § | |
| **V.** | § | **A-21-CV-762-LY** |
| | § | |
| **RALPH GUERRERO,** | § | |
| **et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Cyrus L. Gray III's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Hays County Jail. Plaintiff is charged with capital murder. He accuses Ralph Guerrero and John Doe prosecutors in Hays County of the use of fraudulent indictments, vindictive prosecution, prosecutorial misconduct, and misuse of the legislative objection. He seeks his immediate release and $10 million in damages.

DISCUSSION AND ANALYSIS

  A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations

need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

    B.    Eleventh Amendment Immunity

Plaintiff's claims seeking monetary relief against the prosecutors in Hays County in their official capacities are barred by Eleventh Amendment Immunity. When acting in their official capacities, Texas district attorneys are considered agents of the state, who are immune from claims for damages under the Eleventh Amendment. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Therefore, Plaintiff's claims against the defendants in their official capacities for monetary damages are barred.

    C.    Prosecutorial Immunity

Plaintiff's claims against the prosecutors in their individual capacities for monetary damages are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the

protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions or inactions taken by the prosecutors in Hays County during Plaintiff's criminal proceedings which are protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by any of the defendants that were outside the course and scope of representing the Hays County District Attorney's Office in Plaintiff's criminal proceedings. Therefore, Plaintiff's claims against the defendants in their individual capacities for monetary damages are barred.

D. <u>Habeas Claims</u>

To the extent Plaintiff seeks his immediate release, he must seek such relief in a petition for writ of habeas corpus after he exhausts his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Plaintiff has not yet exhausted his state court remedies. Plaintiff filed nine pro se state applications for writ of habeas corpus. The applications are currently pending and have not been transmitted to the Texas Court of Criminal Appeals. In addition, on September 8, 2021, the Texas Court of Criminal Appeals denied Plaintiff leave to file an original application for writ of habeas corpus in that court.

Moreover, Plaintiff's claims are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great

and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims seeking monetary relief against Defendants in their official capacities be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and Plaintiff's claims seeking monetary relief against Defendants in their individual capacities be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff's claims seeking habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies and pursuant to the *Younger* doctrine.

It is further recommended that a certificate of appealability should be **DENIED** to the extent the Court dismisses Plaintiff's claims seeking habeas corpus relief.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on September 28, 2021.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE